1
2
3
4   JAMES EDWARD NORRIS,
5                     Plaintiff,
        CASE NO. C13-5928 BHS
6        v.
        ORDER DENYING PLAINTIFF'S
        MOTION TO CONSOLIDATE
7   RAY LAHOOD, Secretary of the United
    States Department of Transportation, (FAA),
8                     Defendant.

9        This matter comes before the Court on Plaintiff James Edward Norris's ("Norris") motion
10  to consolidate (Dkt. 2). The Court has considered the pleadings filed in support of and in
11  opposition to the motion and the remainder of the file and hereby denies the motion without
12  prejudice for the reasons stated herein.
13      On October 18, 2013, Norris filed a complaint against Ray Lahood, Secretary of the
14  United States Department of Transportation, (FAA). Dkt. 1. On the same day, he filed a notice of
15  proof of his filing fee (Dkt. 3) and the instant motion to consolidate his case with the "previously
16  filed case James F. Gibson, Plaintiff (Pro-se) v. Ray Lahood, Secretary of Transportation,
    (FAA), C-135870 (RBL)."  Dkt. 2 at 1. Norris clearly alleges employment discrimination in the
17  late 1980's and early 1990's. *See* Dkt. 1.  While Norris's allegations appear to be outside of the
18  statute of limitations period, he alleges that he is within the statute of limitations at least in part
19  due to what he terms the "continuing EEOC violations doctrine." *Id*. at 12.  Norris appears to
20  claim the continuing violations doctrine is applicable to his case because after the Office of
21  Personnel Management awarded an emotional distress disability retirement annuity in the early
22

ORDER - 1

1990's, his pilot's licenses have been "unjustly, maliciously and illegally suspended" since that time, and he has continued to be psychiatrically treated. *Id*. at 12.

In an October 22, 2013 order, Judge Ronald B. Leighton denied James F. Gibson's request to proceed *in forma pauperis* and his motion to consolidate his case with Norris's (who had yet to file a complaint). *See* 3:13-cv-5870-RBL, Dkt. 6. Judge Leighton found that Gibson's claims are time-barred and venue improper, as Gibson lives in Reno, Nevada. *Id*. Due to these "inherent flaws," Judge Leighton denied his motions and stated that the Court will dismiss the Gibson's complaint *sua sponta* if Gibson pays the filing fee. *Id*. A motion for reconsideration of the foregoing order is pending. Dkt. 11.

Although it appears that Norris, like Gibson, is barred from bringing suit by the statute of limitations, it is not entirely clear because the issue has not been fully presented. However, what is clear is that Norris has failed to show the requisite proof for service of the summons, complaint and the instant motion upon the appropriate persons, agencies or attorneys. *See* Fed. R. Civ. P. 4(i)(1)-(3) and (l) and W.D. Local Rule 4(c).

Therefore, it is hereby **ORDERED** that Norris's motion to consolidate is **DENIED without prejudice**.

Dated this 15th day of November, 2013.

BENJAMIN H. SETTLE
United States District Judge