UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD NORRIS,

                    Plaintiff,

        v.

ANTHONY FOXX,[1] Secretary of
Transportation, Agency, FAA

                    Defendant.

CASE NO. C13-5928 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

        This matter comes before the Court on the motion of Defendant Anthony Foxx

("Foxx"), Secretary of Transportation, Agency, FAA, to dismiss the Complaint and First

Amended Complaint (Dkt. 14). The Court has considered the pleadings filed in support

of and in opposition to the motion and the remainder of the file and hereby grants the

motion for the reasons stated herein.

---

        [1] Anthony Foxx has replaced Ray LaHood as the new Secretary of Transportation.
Accordingly, pursuant to Fed. R. Civ. P. 25(d), Anthony Foxx has been substituted for Ray
LaHood.

# I. PROCEDURAL HISTORY

Plaintiff James Edward Norris ("Norris"), a former employee of the FAA, initially filed suit in this Court on October 18, 2013 alleging that the FAA discriminated and retaliated against him in violation of Title VII of the Civil Rights Act.  Dkt.1.   On November 14, 2013, Norris amended his complaint to add James Franklin Gibson ("Gibson") as a plaintiff.[2]  Dkt  at 7.  Norris and Gibson appear to allege that the FAA discriminated against them on the basis of race and in retaliation for engaging in protected activity, which resulted in adverse employment actions, including termination and suspension of Norris's pilot's license in 1991 and 1992.  *See* Dkt. 1 at 3 and 12.

On December 23, 2013, Gibson filed a motion to more clearly explain and clarify the timeliness and venue aspects of the complaint.  Dkt. 10.

On February 3, 2014, Foxx filed the instant motion pursuant to Fed. R. Civ. P. 12(b)(1),(3) and (6) to dismiss the Complaint and First Amended Complaint for lack of jurisdiction, for failure to state a claim, and/or for improper venue. Dkt. 14.

On February 12, 2014, Norris and Gibson submitted a motion for leave to file an over-length brief in response to Foxx's motion to dismiss.  Dkt. 15.

On February 14, 2014, the Court issued an order deeming Gibson's motion to more clearly explain and clarify venue (Dkt. 10) as a motion to amend the complaint

---

[2] Although the initial complaint did not have Gibson's name in the caption, the body of that complaint continually refers to both Norris and Gibson as plaintiffs. *See* Dkt. 1. The amended complaint contains no additional information with regards to the underlying facts. *See* Dkt. 7. Rather, it is a short document amending the complaint for the sole purpose of attempting to formally name Gibson as a plaintiff.  *Id.* Therefore, the Court refers to the initial complaint when discussing the allegations in this suit.

because he appeared to seek amendment regarding the timeliness and venue elements of the complaint as they related to him.  Dkt. 16 at 1. However, the Court found Gibson's motion to amend moot because it *sua sponta* dismissed him from the action, upon finding Gibson's civil rights issues in this case had "already been adjudicated by Judge Ronald B. Leighton.  *See Gibson v. LaHood*, C13-5870 (RBL), Dkt. 1-1 (Proposed Complaint), and Dkt. 7 (Amended Complaint joining Gibson as a co-plaintiff in this case)."  Dkt. 16 at 2.

On the same date, the Court issued an order permitting Norris to file an over-length response to Foxx's motion to dismiss.  Dkt. 17.

On February 24, 2014, Norris filed an "Opposition and Response" to Foxx's motion to dismiss.  Dkt. 19.  On February 28, 2014, Defendant filed a reply.  Dkt. 22.  On March 3, 2013, Norris filed an additional pleading: "Response and Rebuttal to Defendant's Reply."  Dkt. 23.

As a preliminary matter, the Court will not consider the additional pleading submitted by Norris.  Norris neither sought leave of the Court to file a surreply, nor did he submit a notice to file a surreply pursuant to Local Civil Rule 7(g).

## II. FACTUAL BACKGROUND

Norris was hired by the FAA in 1988 as an Aviation Safety Inspector at the Los Angeles Flight Standards District Office ("FSDO").  Dkt. 1 at 3 and 5. Norris's employment was terminated in or around November 1992, after his pilot's license was suspended.  Dkt. 1 at 11-12.  According to Norris, he filed an Equal Employment Opportunity ("EEO") complaint with the FAA alleging that he had been discriminated against on the basis of race.  Dkt. 1 at 12.  However, it appears that he either did not

1  pursue his EEO complaint at that time or, at some point, his complaint was dismissed or

2  withdrawn.  Norris evidently had filed an EEO complaint in 1989 after the FAA issued a

3  Notice of Removal to Norris on November 18, 1988 for falsifying information on his

4  application.  *See James E. Norris v. Constance B. Newman, Office of Personnel*

5  *Management, Agency,* 1990 WL 1112134 (E.E.O.C.).  This might be the EEO complaint

6  referred to by Norris on the twelfth page of his Complaint.  Notwithstanding that

7  ambiguity, whether Norris filed one or two EEO complaints during the time he was

8  employed by the FAA, these complaints would have long been dismissed or withdrawn.

9         In December of 2012, Norris filed another EEO complaint alleging discrimination

10  by the FAA during his employment for the time period of June 1988 thru November

11  1992; the agency dismissed the complaint as untimely.  *See James E. Norris v. Ray H*

12  *LaHood, Secretary, Department of Transportation (Federal Aviation Administration)*

13  *Agency*, 2013 WL 4823350 (E.E.O.C.).  Norris appealed to Equal Employment

14  Opportunity Commission's ("EEOC") Office of Federal Operations ("OFO").  *Id.*  The

15  dismissal was upheld on September 6, 2013, in relevant part, because the alleged

16  discriminatory acts or events occurred on November 2, 1992 but contact was not initiated

17  with an EEO counselor until August 14, 2014, which is well beyond the 45-day limitation

18  period.  *See id.* and Dkt. 1 at 4.

19                                    **III. DISCUSSION**

20         Foxx argues that only claims which have been timely exhausted at the

21  administrative level can be heard in district court.  Dkt. 14 at 2.  He maintains that,

22  although Norris evidently filed an EEO complaint at some point in 2012 (Dkt.1 at 4), the

1    acts and events about which he complained occurred prior to 1992. *Id.* Therefore, any

2    discrimination claim alleged by Norris based on his employment with the FAA is not

3    timely and must be dismissed. *Id.* Even if Norris had timely exhausted his claims, Foxx

4    argues that venue does not lie in this district, and the case can be dismissed on that basis

5    alone. *Id.*

6           Norris argues that his district court Complaint is timely.  After his 2012 EEO

7    complaint was dismissed, Norris states that he received a "Right-to-Sue-Letter from the

8    Washington D.C. EEOC Office dated September 6, 2013." Dkt. 19 at 7.  According to

9    Norris, because he filed his district court Complaint within the requisite 90 days of the

10   issuance of his right-to-sue letter, his Complaint is timely.  *Id.* He also maintains his

11   Complaint is timely because he filed an "EEOC complaint with the Agency, during the

12   filing period(s) of 45 and 300 days of the discriminatory events" for the "Racial

13   Discrimination" that "occurred between (1988 and 1992), while he was employed by the

14   FAA." *Id.* at 8-9.  In direct contradiction the affirmative assertions that he filed his

15   administrative complaint within the limitations period, Norris then appears to argue that

16   he was unaware of the time period for filing an administrative complaint and thus tolling

17   of the statute of limitations is appropriate.  *Id.* at 10.  He also argues that his causes of

18   action are timely under the continuing violations doctrine.  *Id.* at 11-13.  Norris further

19   maintains venue is proper because he resides in this district and the FAA has an office

20   here, and that he has alleged allegations sufficient to meet the standard set forth in Fed.

21   R. Civ. P. 12(b)(6).  *See id.* at 13-17.

22

**A.      Timely Exhaustion for Federal Employment Discrimination**

Title VII is a federal employee's exclusive remedy for employment discrimination. *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976). Federal employees who pursue judicial claims of employment discrimination must first exhaust their administrative remedies in accordance with applicable statutory provisions. *Brown,* 425 U.S. 820, 833 (1976); 42 U.S.C. § 2000e.  To assert a Title VII claim of discrimination in federal court, a plaintiff must first have timely filed a complaint of discrimination with his or her employing agency.  *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies.").

To exhaust administrative remedies based upon a claim of employment discrimination, federal employees may proceed through the EEO process, which is governed by regulations promulgated by the EEOC that set forth the acceptance and processing of discrimination complaints in federal employment cases.  *See* 29 C.F.R. Part 1614 and 29 C.F.R. §§ 1614.104 - 1614.110 (detailing administrative processing of federal Title VII complaints) and *United States v. Nixon*, 418 U.S. 683, 695 (1974) (regulations properly promulgated have the force and effect of law).

These regulations provide time limits for the initiation of an "informal pre-complaint" contact with an EEO counselor, and the filing of a "formal" EEO complaint. To initiate informal pre-complaint processing, an aggrieved federal employee must consult with an EEO counselor within forty-five days of the alleged discriminatory event.

1   29 C.F.R. §1614.105(a)(1).[3]   If the matter is not resolved by informal pre-complaint

2   counseling, the agency must provide the employee with notice of the right to file a formal

3   complaint of discrimination.  29 C.F.R. § 1614.105(d).  After receipt of notice, the

4   employee has fifteen days to file the formal complaint.  29 C.F.R. §1614.106(b).  Finally,

5   once an agency issues a Final Agency Decision ("FAD"), the employee has 90 days in

6   which to file suit in federal district court.  29 C.F.R. § 1614.407(a).  If an appeal is filed

7   the employee has 90 days from receipt of the decision to file suit.  29 C.F.R. §

8   1614.407(c).

9   **B.    Motion to Dismiss Standards**

10          **1.      Fed. R. Civ. P. 12(b)(1)**

11          Fed. R. Civ. P. 12(b)(1) provides for dismissal of claims if the court lacks subject

12   matter jurisdiction. Jurisdiction is a threshold issue that should be addressed before

13   considering the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998);

14   *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1148 (9th

15   Cir. 2003).  If the court finds that it lacks subject matter jurisdiction, then it "must

16   dismiss the action." Fed. R. Civ. P. 12(h)(3).

17          Foxx appears to argue that because Norris failed to timely exhaust his

18   administrative remedies the Court lacks subject matter jurisdiction over his claims. *See,

19   e.g,* Dkt. 14 at 2 and 4.  However, the failure to timely exhaust administrative remedies is

20   not a jurisdictional prerequisite to a Title VII claim.  Rather, this shortcoming "relates to

---

21          [3] During 1991 and 1992, EEO complaints had to be filed within 30 days of the
22   discriminatory act or event. 29 C.F.R. § 1613.214(a)(i); *Boyd v. United States Postal Service*, 752
     F.2 410, 414 (1985); *Montgomery v. Frank*, 796 F. Supp. 1062, 1065 (E.D. Mich 1992).

1    the substantive adequacy" of Norris's complaint. *Arbaugh v. Y & H Corp.*, 546 U.S. 500,

2    503 (2006).  Title VII's broad grant of jurisdiction "has served simply to underscore

3    Congress' intention to provide a federal forum for the adjudication of Title VII claims."

4    *Id*. at 506 and *see* 42 U.S.C. § 2000e–5(f)(3) (providing that "[e]ach United States district

5    court and each United States court of a place subject to the jurisdiction of the United

6    States shall have jurisdiction of actions brought under [Title VII]").

7            In other words, even if Norris failed to properly and timely exhaust his

8    administrative remedies before coming to court, which will be discussed below, the issue

9    is not one of subject matter jurisdiction. The exhaustion requirement is a condition of

10   bringing a Title VII claim in court, but Title VII is not a statute in which "the Legislature

11   clearly states that a threshold limitation on a statute's scope shall count as jurisdictional."

12   *Arbaugh*, 546 U.S. at 515 and *see Kraus v. Presidio Trust Facilities Div./Residential*

13   *Mgmt. Branch*, 572 F.3d 1039, 1044 (9th Cir.2009) (noting that the regulatory pre-filing

14   exhaustion requirement is not a jurisdictional prerequisite for suit in federal court).

15   Therefore, the Court denies the motion to dismiss on the basis of lack of jurisdiction.

16           **2.    Fed. R. Civ. P. 12(b)(6)**

17           Motions to dismiss brought under Fed. R. Civ. P. 12(b)(6) may be based on either

18   the lack of a cognizable legal theory or the absence of sufficient facts alleged under such

19   a theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material

20   allegations are taken as admitted and the complaint is construed in the plaintiff's favor.

21   *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to

22   dismiss, the complaint does not require detailed factual allegations but must provide the

1   grounds for entitlement to relief and not merely a "formulaic recitation" of the elements

2   of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).

3   Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."

4   *Id.* at 1974.

5        In the event a court finds that dismissal is warranted, the court should grant the

6   plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v.*

7   *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

8        Norris has not properly exhausted his administrative remedies. Norris's 2012

9   EEO complaint was dismissed for failure to timely exhaust his administrative remedies

10  because it was based on acts or events that occurred outside the statutory and regulatory

11  period for filing an EEO complaint. Norris may have filed the instant suit within the

12  requisite time period after receiving his 2012 EEO dismissal from the OFO, which

13  indicated that he had 90 days to file a civil action. However, it is Norris's failure to

14  properly and timely exhaust his administrative remedies by filing his EEO complaint with

15  the allegations that he now has brought before this Court that, as Foxx puts it, "is the

16  impediment to his lawsuit." Stated another way, the issuance of the EEOC's notice of the

17  right-to-sue does not create a way to circumvent the necessity of timely exhaustion of

18  administrative remedies. Additionally, while Norris appears to maintain that he was

19  unaware of the period for filing his EEO complaint, both his assertion that he timely filed

20  his recent EEO complaint, including his citation to the limitations period for filing, and

21  the fact that Norris did indeed file an EEO complaint in 1989 and a timely appeal of it to

22

ORDER - 9

1    the OFO belie his apparent contention that he was unaware of or had no notice of the

2    requisite administrative filing deadlines for EEO complaints.

3            Finally, Norris's argument that his claims are timely under the continuing

4    violations theory is without merit.  Dkt. 19 at 11-12 (*citing National R.R. Passenger*

5    *Corp. v. Morgan*, 536 U.S. 101 (2002)).  Foxx argues, and the Court concurs, that "under

6    no circumstance could a continuing violation theory be used to resurrect an allegedly

7    discriminatory employment practice when the aggrieved employee has been out of the

8    offending work-place for over 20 years."  Dkt. 22 at 4.  The discriminatory acts Norris

9    complains of, including his 1992 termination and the 1991 and 1992 suspensions of his

10   pilot's license, were discrete acts and, as such, cannot be part of a continuing violation,

11   but must, instead, be separately and timely exhausted.  *Id.* at 114 and *Cherosky v.*

12   *Henderson*, 330 F.3d 1243, 1246-47 (9th Cir. 2003) (discrete acts must be separately

13   timely exhausted even if plaintiff alleges that the acts stem from "a company-wide, or

14   systemic, discriminatory practice. . . .").

15           Additionally, Foxx argues that to the extent Norris is alleging that he was racially

16   harassed and subjected to a hostile environment, although a continuing violation theory

17   can apply to such a claim, at least one harassing act has to have taken place within the

18   applicable time period for exhausting the claim. Dkt. 22 at 14 (*citing Morgan*, 536 U.S. at

19   101 and 117).  Thus, Foxx maintains, since Norris has not been employed "by the FAA

20   for approximately 20 years, he cannot claim to have been harassed within 45 days of the

21   filing of the 2012, EEO complaint at issue."  *Id*.  The Court concurs.

22

1  For the reasons set forth above, Norris's complaint cannot survive a Fed. R. Civ.

2  P. 12(b)(6) motion. The allegations in the complaint could not proceed under any

3  cognizable legal theory and amendment of the complaint would be futile.

4  **3.  Fed. R. Civ. P. 12(b)(3)**

5  Fed. R. Civ. P. 12(b)(3) allows a party to move for dismissal for improper venue.

6  The burden is on the plaintiff to show that venue is proper. *Ward v. Royal Caribbean*

7  *Cruise Lines, Ltd.*, 2009 WL 151490, at *2 (C.D. Cal. 2009).

8  Title VII's venue provision provides that venue is proper in any judicial district in

9  the state in which the unlawful employment practice is alleged to have been committed,

10  in the judicial district in which the employment records relevant to such practice are

11  maintained and administered, or in the judicial district in which the aggrieved person

12  would have worked but for the alleged unlawful employment practice, but if the

13  respondent is not found within any such district, such an action may be brought within

14  the judicial district in which the respondent has his principal office. 42 U.S.C. 2000e-

15  5(f)(3).

16  As Foxx argues pursuant to authority set forth above, venue is improper in this

17  district.  Dkt. 14 at 8.  Norris admits that he worked at the Los Angeles FSDO, which is

18  located within the Central District of California, and he does not dispute that their

19  employment records would have been located at that facility.  Additionally, Norris does

20  not dispute that the FAA principal office is in Washington D.C.  Accordingly, venue does

21  not lie in the Western District of Washington.

22

1

**IV. ORDER**

2        Therefore, it is hereby **ORDERED** that Foxx's motion to dismiss is **GRANTED**

3   and this case is closed.

4        Dated this 10th day of March, 2014.

5

6

7                                         BENJAMIN H. SETTLE
                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22